IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HAI EN MAI and JULIANNE STUTZMAN-MAI, husband and wife, and the marital community composed thereof, | No. 84922-1-I |
| Appellants, | DIVISION ONE |
| v. | |
| PHILLIPS LAW FIRM, PLLC, a Washington Limited Liability Company; RALPH GLENN PHILLIPS and KATHRYN MOORE PHILLIPS, husband and wife, and the marital community composed thereof, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, J. — Hai En Mai retained Philips Law Firm PLLC (PLF) to recover personal injury and property damages after a car accident. Because of PLF's negligence, an arbitrator dismissed his lawsuit and the trial court denied a request for trial de novo. Hai En Mai and his wife, Julianne Stutzman-Mai, then sued PLF for professional negligence, breach of fiduciary duty, breach of contract, and violation of the Consumer Protection Act (CPA), chapter 19.86 RCW. PLF admitted its conduct was negligent but denied the remaining claims. It moved to dismiss the CPA claim under CR 12(c) for failure to show that its alleged deceptive acts caused injury to the Mais' business or property. The trial court granted the motion, and the Mais appeal. We affirm.

FACTS

On October 4, 2017, Hai En Mai was driving home from work when another driver failed to yield and their cars collided. The police cited the other driver for causing the collision. Hai En Mai suffered injuries to his person and his car. On May 7, 2018, Hai En Mai retained PLF to sue the other driver and recover damages.

In September 2020, almost three years after the collision, PLF sued the other driver in Snohomish County Superior Court on behalf of Hai En Mai. PLF did not bring a spousal consortium claim on behalf of Stutzman-Mai, initiate discovery, respond to the defendant's requests for admission (RFAs), or communicate settlement offers to the Mais. According to Hai En Mai, the first time he met a PLF attorney was an hour before his deposition in August 2021.

In November 2021, the personal injury suit went to arbitration. The arbitrator dismissed the lawsuit because PLF did not respond to two RFPs that established "liability for the collision on the part of [Hai En Mai]." Then, in December 2021, PLF requested a trial de novo in superior court. But PLF filed the request late and did not have Hai En Mai sign the request as required under RCW 7.06.050(1).[1] So, the court dismissed the request and ordered Hai En Mai to pay the other driver $1,248 for her attorney fees. On August 10, 2022, the Mais sued PLF, PLF owner Ralph Phillips, and Phillips' wife Kathryn Phillips

---

[1] Under RCW 7.06.050(1), within 20 days after the arbitrator files its decision with the superior court, "any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. The notice must be signed by the party."

2

(collectively PLF), asserting claims for professional negligence, breach of fiduciary duty, breach of contract, and violation of the CPA.

As to their CPA claim, the Mais' alleged that they hired PLF because it held itself out as specializing in representing plaintiffs in personal injury cases, but the firm's advertising about its success in such cases is deceptive. The Mais claimed PLF promotes litigation outcomes on its website for clients that PLF did not actually handle. And the website falsely claims " '$1 Billion+ Damages Awarded' and '10,000+ Victims Helped.' " The Mais alleged that "[t]he acts and omissions of [PLF] constitute unfair and deceptive acts in the conduct of trade or commerce, affecting the public interest, and violate the [CPA], as a proximate cause of which Hai En Mai has been damaged." They sought money damages, treble damages, prejudgment interest, attorney fees and costs, and an injunction "prohibiting [PLF] from engaging in unfair or deceptive advertising."

In its answer to the complaint, PLF admitted it negligently "fell below the standard of care" by not responding to RFAs or properly requesting a trial de novo, but it denied it owed any duty to Stutzman-Mai. And it denied the other claims. So, in October 2022, PLF moved under CR 12(c) to dismiss the Mais' CPA and breach of contract claims. PLF argued that the Mais could not show an injury to their business or property as required under the CPA and that it did not breach its contract with Hai En Mai. The trial court granted the motion to dismiss the CPA claim but denied the motion to dismiss the breach of contract claim.

The Mais appeal.

3

ANALYSIS

The Mais argue that the trial court erred by granting PLF's CR 12(c) motion dismissing their CPA claim. We disagree.

CR 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." We treat a CR 12(c) motion for judgment on the pleadings " 'identically to a CR 12(b)(6) motion' " to dismiss[2] and review the trial court's decision de novo. Wash. Trucking Ass'ns v. Emp't Sec. Dep't, 188 Wn.2d 198, 207, 393 P.3d 761 (2017) (quoting P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203, 289 P.3d 638 (2012)). "Dismissal under either subsection is 'appropriate only when it appears beyond doubt' that the plaintiff cannot prove any set of facts that 'would justify recovery.' " Id. (quoting San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007)). To this end, "[a]ll facts alleged in the complaint are taken as true, and we may consider hypothetical facts supporting the plaintiff's claim." FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962-63, 331 P.3d 29 (2014).

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To succeed on a CPA claim, a plaintiff must establish (1) an unfair or deceptive act (2) in trade or commerce (3) that affects the public interest, (4) injury to their business or property, and (5) a causal link between the unfair or deceptive act

---

[2] CR 12(b)(6) allows a defendant to move to dismiss a claim when the plaintiff fails to state a claim on which a court can grant relief.

and their injury. Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 834-35, 355 P.3d 1100 (2015).

We construe injury to property or business broadly. Keyes v. Bollinger, 31 Wn. App. 286, 296, 640 P.2d 1077 (1982). The plaintiff does not have to prove monetary damages, and nonquantifiable injuries will suffice. Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 740, 733 P.2d 208 (1987); see also Folweiler Chiropractic, PS v. Am. Fam. Ins. Co., 5 Wn. App. 2d 829, 839, 429 P.3d 813 (2018) (mere delay in use of property or receipt of payment is an injury under the CPA). A plaintiff shows injury by proving their " 'property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal.' " Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 57, 204 P.3d 885 (2009) (quoting Mason v. Mortg. Am., Inc., 114 Wn.2d 842, 854, 792 P.2d 142 (1990)). But personal injury damages are not recoverable under the CPA. Id.

Citing Ambach v. French, 167 Wn.2d 167, 179 n.6, 216 P.3d 405 (2009), PLF argues that the Mais' CPA claim is "a 'backdoor' attempt to recover their personal injury damages through the more punitive CPA." We disagree.

In Ambach, the plaintiff contracted a staph infection following shoulder surgery and sued the surgeon for professional negligence resulting in physical injury and violation of the CPA. Id. at 170. The plaintiff argued her CPA injury was " 'part and parcel of a personal injury claim.' " Id. at 174. The trial court dismissed the CPA claim because the plaintiff alleged personal injury, not injury to her " 'business or property.' " Id. at 170-71. Our Supreme Court agreed with

5

the trial court, reasoning that where a plaintiff is both physically and economically injured by one act, the economic damages flowing from the physical injury are not an "injury to 'business or property.' " Id. at 174. The court noted that the legislature did not design the CPA "to give personal injury claimants . . . backdoor access to compensation they were denied in their personal injury suits." Id. at 179 n.6.

The Mais' claim is different. The Mais do not allege that PLF caused them personal injury. Instead, they sued PLF for professional negligence in the mismanagement of their personal injury claim and for violating the CPA by engaging in deceptive advertising. So, there is no danger the Mais may use their CPA claim as backdoor access to compensation for Hai En Mai's personal injuries. Even so, to survive the motion for judgment on the pleadings, the Mais must allege facts that show PLF's deceptive advertising caused injury to their business or property.

The Mais' argue that PLF's deceptive conduct caused them five kinds of economic injury recoverable under the CPA. They claim (1) PLF denied them the prompt use of Hai En Mai's personal injury award, (2) Hai En Mai suffered an adverse judgment awarding the other driver attorney fees, (3) he incurred time away from work for a "doomed" arbitration, (4) treble damages and attorney fees, and (5) an injunction preventing PLF from engaging in deceptive advertising. We address each alleged injury in turn.

6

First, the Mais' argue that PLF deprived them of a prompt and successful financial recovery in their personal injury lawsuit. Quoting Folweiler and citing Sorrel, they argue that " 'a mere delay in use of property or receiving payment' also constitutes 'an injury under the CPA.' " Folweiler, 5 Wn. App. 2d. at 839; Sorrel v. Eagle Healthcare, Inc., 110 Wn. App. 290, 298, 38 P.3d 1024 (2002).

In Folweiler, chiropractic medical providers filed a class action complaint alleging that an insurer's deceptive practices violated the CPA. 5 Wn. App. 2d at 833-34. The class members argued they " 'sustained injury to their business caused by [the insurer]'s practice in the form of reduced payments, delay in payment of reasonable medical expenses, out of pocket administrative costs or added expenses, [or] business interruption or inconvenience.' " Id. at 840.[3] We held that a delay in reimbursement for billings covered by an insurer is a cognizable CPA injury. Id. at 839.

In Sorrel, the widower of a nursing home resident sued the nursing home for its failure to refund his prepayment within 30 days as required under RCW 70.129.150(1). 110 Wn. App. at 293-94. We noted that the widower established "injury" under his CPA claim by showing that the defendant's unfair or deceptive act or practice deprived him of the use of his property. Id. at 298-99.

Unlike the plaintiffs in Folweiler and Sorrel, the Mais do not allege that PLF's deceptive act or practice caused a delay in reimbursement for services they provided or refund of payments they made. Instead, the Mais allege PLF's conduct caused a delay in the recovery of Hai En Mai's personal injury damages.

---

[3] Second alteration in original.

7

But Hai En Mai's personal injury recovery is an expectation. And the Mais cite no authority that the inability to use property they expect to acquire is an injury under the CPA. When a party cites no authority in support of a proposition, we need not search out authorities and may assume that the party, after diligent search, found none. City of Seattle v. Levesque, 12 Wn. App. 2d 687, 697, 460 P.3d 205 (2020).

Second, the Mais argue that PLF's failure to properly request a trial de novo resulted in "a judgment of $1,248 awarded against [Hai En Mai] in favor of the driver" who caused his injuries. Assuming that an adverse judgment amounts to injury to business or property, the Mais' argument fails because the court did not enter a judgment. Instead, when the trial court denied Hai En Mai's request for a trial de novo, it issued an order awarding the prevailing party attorney fees. PLF then paid the attorney fees on Hai En Mai's behalf. So, the order was not reduced to a judgment against Hai En Mai, and the Mais suffered no economic injury.

Third, the Mais argue that PLF's deceptive acts "required [Hai En Mai] to dedicate time away from work to an arbitration that was doomed." Indeed, a plaintiff may recover damages when a deceptive act causes the plaintiff to take time away from their business. Panag, 166 Wn.2d at 57 (citing Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc., 64 Wn. App. 553, 564, 825 P.2d 714 (1992)). But PLF's deceptive acts did not cause Hai En Mai to attend arbitration. Instead, his personal injury claim was subject to mandatory arbitration under King

8

County Local Civil Arbitration Rule (LCAR) 2.1(a).[4]  As a result, the Mais fail to show that this injury flows from PLF's deceptive acts.

Fourth, the Mais argue the CPA entitles them to treble damages and attorney fees that they are otherwise unable to recover.  This is true.  See RCW 19.86.090.  But a plaintiff must establish they suffered damages before they can treble them.  So, a CPA plaintiff may not treble damages unless they can show injury to their business or property.  Id.; Mason, 114 Wn.2d at 855; St. Paul Fire & Marine Ins. Co. v. Updegrave, 33 Wn. App. 653, 660, 656 P.2d 1130 (1983).  Likewise, the trial court awards attorney fees to only the prevailing party under the CPA.  Id.; see Sign-O-Lite, 64 Wn. App. at 566.  And to prevail on a CPA claim, the plaintiff must show injury to their "business or property."  Id.  The Mais fail to do so.

Finally, the Mais argue that under the CPA, they are entitled to an injunction preventing PLF from similar conduct.  But, like treble damages and attorney fees, the CPA does not authorize injunctive relief for a person who fails to show injury to their business or property.  Girard v. Myers, 39 Wn. App 577, 589, 694 P.2d 678 (1985); see RCW 19.86.090.

---

[4] Under LCAR 2.1(a), a claim "filed after September 1, 2019 is subject to civil arbitration if it does not exceed one hundred thousand dollars ($100,000), exclusive of attorney fees, interest and costs."

The trial court did not err by dismissing the Mais' CPA claim under CR 12(c) because they alleged no set of facts that show PLF's deceptive conduct injured their business or property.  We affirm.

_Brennan, J_

WE CONCUR:

_Coburn, J._          _Mann, J._